<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

ROBERT JAMES SWINT,

             Plaintiff,

v.

ECHOSTAR,

             Defendant.

Civil Action No. 26-04668 (SDW) (AME)

**WHEREAS OPINION & ORDER**

June 3, 2026

**WIGENTON**, District Judge.

        **THIS MATTER** having come before this Court upon *pro se* Plaintiff Robert James Swint's ("Plaintiff") Complaint (D.E. 1 ("Compl.")), and this Court having reviewed the Complaint for sufficiency pursuant to Federal Rule of Civil Procedure ("Rule") 8(a) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and

        **WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(a)(1), (e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021); and

        **WHEREAS** pursuant to Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to

1

relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a).  The complaint must apprise the defendant with "fair notice of what the claim is and the grounds upon which it rests," containing "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).; and

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank*, 566 F. App'x 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); and

**WHEREAS** a claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Courts apply the same standard under Rule 12(b)(6) to sua sponte dismiss a complaint for failure to state a claim.  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); see *Iqbal*, 556 U.S. at 678; and

**WHEREAS** Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff's Complaint fails to provide a clear statement of what his claims are, and the factual bases for them, such that the facts contained are insufficient to support a claim entitling Plaintiff to relief. *See* Fed. R. Civ. P. 8(a)(2); and

**WHEREAS** this Court cannot properly determine Plaintiff's financial status and whether he is eligible to proceed IFP because Plaintiff's IFP application is incomplete.  *See Mawalla v. Lakewood Police Dep't*, No. 23-1083, 2023 WL 5985176, at *2 (D.N.J. Sept. 14, 2023) (denying IFP application without prejudice where plaintiff did not complete all boxes on IFP form); *Rentas v. New Jersey State Parole Bd.*, No. 20-00737, 2020 WL 423406, at *1 (D.N.J. Jan. 27, 2020)

(requiring plaintiff to complete IFP application "in full before the Court can consider it").

Accordingly, Plaintiff's application is denied without prejudice; therefore

IT IS, on this 3rd day of June 2026,

ORDERED that Plaintiff's Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6); and it is further

ORDERED that Plaintiff shall have thirty days to amend his Complaint; failure to do so shall result in the matter being dismissed with prejudice.

SO ORDERED.

_____/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          Parties
             André M. Espinosa, U.S.M.J.

3